**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OTONIEL PATINO GARCIA, AKA
Otoniel Garcia,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70835

Agency No. A208-081-810

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, O'SCANNLAIN, Circuit Judge, and EZRA,[***]
District Judge.

Otoniel Patino Garcia (Patino) petitions this court for review of his final

order of removal to Mexico. Because the facts are known to the parties, we repeat

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable David A. Ezra, United States District Judge for the
Western District of Texas, sitting by designation.

them only as necessary to explain our decision.

I

The Notice to Appear's failure to include notice of the date, time, and place of Patino's initial hearing did not deprive the immigration court of jurisdiction because Patino was subsequently given notice of such information, as provided under 8 C.F.R. § 1003.18(b). *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020); *Karingithi v. Whitaker*, 913 F.3d 1158, 1159–62 (9th Cir. 2019).

II

The Board of Immigration Appeals (BIA) did not abuse its discretion in denying Patino's motion for a continuance so that he could look for evidence to show that he was born in the United States. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) ("The decision to grant or deny the continuance is within the sound discretion of the [immigration] judge and will not be overturned except on a showing of clear abuse." (internal quotation marks omitted)). Even after he was given an additional month to prepare for the evidentiary hearing before the Immigration Judge (IJ), Patino did not provide credible evidence suggesting that he was born in the United States. The record supports the IJ's finding that the testimony offered by Patino's aunt was not credible, and Patino presented no other evidence showing that he was born in the United States. *See, e.g.*, *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("Because credibility determinations are

findings of fact by the IJ, they are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (internal quotation marks omitted)).  On this record, the BIA did not abuse its discretion in concluding that Patino failed to show "good cause," 8 C.F.R. § 1003.29, to receive additional time to search for evidence of his otherwise unsubstantiated assertion of U.S. birth.  *See, e.g.*, *Salgado v. Sessions*, 889 F.3d 982, 989 (9th Cir. 2018) (upholding denial of continuance for a mental health evaluation where no "credible evidence" supported petitioner's claim of incompetency).

## III

### A

The government satisfied its burden of proving Patino's alienage.  First, Patino's admissions to his charges of removability, including admission of the fact that he was born in Mexico and is not a citizen of the United States, were sufficient to satisfy the government's burden on this point.  *See* 8 C.F.R. § 1240.10(c); *Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).  In addition, Patino's Mexican birth certificate created a presumption of his alienage, which Patino failed to rebut with "substantial credible evidence" to the contrary.  *Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009).

B

To the extent that Patino seeks a transfer to the district court for a hearing on his citizenship claim, no such transfer is warranted because the record does not present a genuine issue of material fact concerning his nationality. *See* 8 U.S.C. § 1252(b)(5); *Ayala-Villanueva*, 572 F.3d at 738 ("Traditional summary judgment rules guide our decision concerning transfer [under § 1225(b)(5)]."). The record does not contain admissible evidence that could reasonably show (contrary to Patino's admissions and to his Mexican birth certificate) that Patino was born in the United States. Neither Patino's uncorroborated speculation that his Mexican birth certificate is fake nor his aunt's inadmissible hearsay testimony reporting what she was told about his birthplace creates a genuine dispute on this point. *See, e.g.*, *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016) ("Arguments based on conjecture or speculation are insufficient [to withstand summary judgment]." (internal quotation marks omitted)); *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (holding that, at summary judgment, the court may not rely on evidence that is "based on inadmissible hearsay" and which does not "set forth facts that would be admissible in evidence").

IV

The BIA did not abuse its discretion in finding that Patino waived his applications for relief from removal by failing to file them by the deadline set by

the IJ.  *See* 8 C.F.R. § 1003.31(c); *Taggar v. Holder*, 736 F.3d 886, 889–90 (9th Cir. 2013).[1]

**PETITION DENIED.**

---

[1] As stated in the court's order of June 15, 2018, the temporary stay of removal remains in place until issuance of the mandate.